IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

HUNTINGTON DIVISION

**JOHN MICHAEL BARNETT,**

    **Plaintiff,**

v.                                                      Case No. 3:23-cv-00578

**WEXFORD HEALTH,**

    **Defendant.**

**PROPOSED FINDINGS AND RECOMMENDATIONS**

Pending before the Court are Plaintiff's Application to Proceed Without Prepayment of Fees and Costs and his *pro se* Complaint filed pursuant to 42 U.S.C. § 1983. (ECF Nos. 1, 2). This matter is assigned to the Honorable Robert C. Chambers, United States District Judge, and by Standing Order has been referred to the undersigned United States Magistrate Judge for the submission of proposed findings of fact and recommendations for disposition pursuant to 28 U.S.C. § 636(b)(1)(B). For the reasons that follow, the undersigned respectfully **RECOMMENDS** that Plaintiff's Application to Proceed Without Prepayment of Fees and Costs be **DENIED**, as it is incomplete; the complaint be **DISMISSED**, without prejudice, pursuant to Fed. R. Civ. P. 41 and L. R. Civ. P. 41.1; and this action be removed from the docket of the court.

**I.**      **Relevant History**

On August 28, 2023, Plaintiff filed an Application to Proceed Without Prepayment of Fees and Costs and a Complaint pursuant to 42 U.S.C. § 1983. (ECF Nos. 1, 2). On August 29, 2023, the undersigned entered an Order advising Plaintiff

1

that his Application was incomplete and instructing him to file a fully completed Application to Proceed Without Prepayment of Fees and Costs, or pay the $402 filing fee. (ECF No. 4). Plaintiff was further instructed to sign his Complaint, verifying its contents under penalty of perjury. Plaintiff was given thirty days in which to comply with the Order. He was notified that a failure to pay the fee or submit the completed Application, as instructed, would result in a recommendation that the Complaint be dismissed. (ECF No. 4). Plaintiff was provided with a copy of the Order and another Application to Proceed Without Prepayment of Fees and Costs. According to the docket of the Court, Plaintiff received this communication and the enclosures.

More than forty-five days passed without Plaintiff responding to the Court's Order. Accordingly, on October 17, 2021, the undersigned entered an Order to Show Cause, advising Plaintiff that a recommendation would be made to dismiss his complaint pursuant to Federal Rule of Civil Procedure 41 and Local Rule of Civil Procedure 41.1, unless Plaintiff complied with the Court's prior Order and submitted within thirty days a completed Application and signed signature page verifying the complaint. (ECF No. 5). Plaintiff was advised that if he no longer wished to pursue his claims, he could voluntarily dismiss the action by filing a notice of voluntary dismissal with the Clerk of Court. (*Id.*).

The docket reflects that Plaintiff received the Show Cause Order. However, fifty-five days have elapsed since the Order was entered, and Plaintiff has failed to submit the required documentation, or communicate a reason for his failure to comply with the prior Orders of the Court. Indeed, Plaintiff has done absolutely nothing in response to the two court directives.

## II.  Discussion

"The authority of a federal trial court to dismiss a plaintiff's action with prejudice because of his failure to prosecute cannot seriously be doubted." *Link v. Wabash R. Co.*, 370 U.S. 626, 629 (1962). As the Supreme Court of the United States explained in *Link,* such a sanction is necessary to "prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the District Courts" *Id.* at 629-30. Federal Rule of Civil Procedure 41(b) codifies the district court's inherent power, providing that a complaint may be involuntarily dismissed "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order."[1] Similarly, under this court's Local Rule of Civil Procedure 41.1, when it appears that a plaintiff has no interest in further prosecution of a complaint:

> [T]he judicial officer may give notice to all counsel and unrepresented parties that the action will be dismissed 30 days after the date of the notice unless good cause for its retention on the docket is shown. In the absence of good cause shown within that period of time, the judicial officer may dismiss the action.[2]

The appropriateness of a dismissal that is not voluntarily sought by a plaintiff "depends on the particular circumstances of the case." *Ballard v. Carlson,* 882 F.2d. 93, 95 (4th Cir. 1989). When assessing whether to impose the sanction of dismissal, the court should consider four factors, including: (1) the degree of personal

---

[1] Fed. R .Civ .P. 41(b) states, in relevant part, "If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it." However, although Fed. R. Civ. P. 41(b) does not explicitly provide for *sua sponte* dismissal, it does not abrogate the power of the court to act on its own initiative. *Link*, 370 U.S. at 630–32; *McCargo v. Hedrick*, 545 F.2d 393, 396 (4th Cir. 1976).

[2] L. R. Civ. P. 41.1, implemented by the United States District Court for the Southern District of West Virginia, states  "When it appears in any pending civil action that the principal issues have been adjudicated or have become moot, or that the parties have shown no interest in further prosecution, the judicial officer may give notice to all counsel and unrepresented parties that the action will be dismissed 30 days after the date of the notice unless good cause for its retention on the docket is shown."

3

responsibility on the part of the plaintiff; (2) the amount of prejudice to the defendant caused by the delay in prosecution; (3) the presence or absence of a history of plaintiff deliberately proceeding in a dilatory fashion; and (4) the effectiveness of sanctions less drastic than dismissal. *Davis v. Williams,* 588 F.2d 69, 70 (4th Cir.1978). "A district court need not engage in a rigid application of this test, however, when a litigant has ignored an expressed warning that failure to comply with an order will result in the dismissal of his claim." *Taylor v. Huffman,* Case No. 95-6380, 1997 WL 407801, at *1 (4th Cir. 1997) (unpublished).

Having considered each of these factors, in turn, the undersigned **FINDS** that dismissal is warranted. A review of the docket demonstrates that Plaintiff received two court orders stating that he must submit a fully completed Application to Proceed Without Prepayment of Fees and Costs or pay the filing fee and he must sign the complaint verifying its contents; yet, he has failed to abide by those directives. Moreover, since initiating the case in August 2023, Plaintiff has made no effort to check on the status of the matter or contact the court regarding the orders that he received. These failures add up to a case history of Plaintiff proceeding in a deliberately dilatory fashion. This civil action has been pending on the court's docket for over three months, and during that time there has been no action by, nor communication from Plaintiff. Thus, Plaintiff is entirely responsible for the delay in prosecution. As a rule, a delay in prosecution causes some measure of prejudice to the defendant as witnesses become unavailable and memories become stale with the passage of time. Furthermore, considering that Plaintiff has disregarded two court orders, a sanction less severe than dismissal plainly will not be effective in this case. *See Ballard,* 882 F.2d at 95-96. Given that Plaintiff has failed to file the proper paper work or pay his filing fee, the court is

4

left with only two options: dismiss the case, or allow it to sit on the docket dormant. The latter option is patently unfair to the defendant.

While dismissal is the preferable course, the undersigned acknowledges that the reason for Plaintiff's failure to prosecute his claim is unknown. Accordingly, the undersigned recommends that dismissal be **without prejudice** to account for the possibility that Plaintiff's dilatoriness is excusable and there is good cause to reopen or reinstitute the claim.

### III.  Proposal and Recommendations

Wherefore, for the stated reasons, the undersigned respectfully **PROPOSES** that the presiding District Judge confirm and accept the foregoing findings and **RECOMMENDS** that that the Application to Proceed Without Prepayment of Fees and Costs be **DENIED**, as it is incomplete; the complaint be **DISMISSED**, without prejudice; and this action be removed from the docket of the court.

Plaintiff is notified that this "Proposed Findings and Recommendations" is hereby **FILED**, and a copy will be submitted to the Honorable Robert C. Chambers, United States District Judge. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rules 6(d) and 72(b), Federal Rules of Civil Procedure, Plaintiff shall have fourteen days (filing of objections) and three days (if received by mail) from the date of filing this "Proposed Findings and Recommendations" within which to file with the Clerk of this Court, specific written objections, identifying the portions of the "Proposed Findings and Recommendations" to which objection is made, and the basis of such objection. Extension of this time period may be granted by the presiding District Judge for good cause shown. Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a

waiver of appellate review by the Circuit Court of Appeals. *Snyder v. Ridenour,* 889 F.2d 1363 (4th Cir. 1989); *Thomas v. Arn,* 474 U.S. 140 (1985); *Wright v. Collins,* 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce,* 727 F.2d 91 (4th Cir. 1984). Copies of such objections shall be provided to Judge Chambers and Magistrate Judge Eifert.

The Clerk is directed to file this "Proposed Findings and Recommendations" and to mail a copy of the same to Plaintiff.

**DATED**:  December 11, 2023

_____
Cheryl A. Eifert
United States Magistrate Judge